**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GARY J. PASSARELLI,<br><br>Plaintiff,<br><br>v.<br><br>DR. HAGGAG, *et al.*,<br><br>Defendants. | Civil Action No. 26-1328 (MAS) (JTQ)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Gary J. Passarelli's ("Plaintiff") complaint in this prisoner civil rights matter. (ECF No. 1.) As Plaintiff has now paid the applicable filing fees and is a prisoner bringing suit against individuals he alleges are employees of governmental agencies, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff is a convicted state prisoner who, in late 2022, was housed in New Jersey State Prison. (ECF No. 1 at 5.) On August 2, 2022, Plaintiff saw Defendant Dr. Haggag for medical treatment of a "lump under the skin near [his] right ear." (*Id.*) Plaintiff saw the doctor again for the issue on October 6, 2022. (*Id.*) Plaintiff asserts that in both instances, Dr. Haggag did not think the lump required treatment, and instead was only concerned with an abrasion on Plaintiff's

skin near the lump, for which the doctor provided Plaintiff with an antibacterial ointment. (*Id.*) Despite Plaintiff's repeated requests to see a dermatologist, Dr. Haggag and his colleague, Defendant Dr. Jackson, declined to make a referral as they did not believe the lump required treatment. (*Id.* at 4-5.)

In October 2023, Plaintiff was transferred to South Woods State Prison. (*Id.* at 5.) Upon arrival, he was seen by the prison's "head practitioner" which appears to have been Defendant Dr. Sherita Collier,[1] who evaluated the lump and determined that Plaintiff needed to see a dermatologist immediately. (*Id.*) Plaintiff was referred to a dermatologist, who tested a sample of the lump, determined it to be cancerous, and recommended surgical removal. (*Id.*)

Plaintiff was initially scheduled for surgery on July 22, 2024, but that procedure was apparently cancelled and rescheduled several times because the South Woods Medical Transport team declined to take Plaintiff to the appointment. (*Id.* at 6.) Plaintiff was taken back to see the dermatologist on October 23 and October 30, 2024, at which point he was told that the lump was growing. (*Id.*) Plaintiff was rescheduled to see the surgeon on June 2, 2025, but the Medical Transport team again cancelled his trip several times before he was taken to the hospital for surgery on October 15, 2025, *after* his scheduled surgery time had passed. (*Id.*) The surgery was cancelled, and Plaintiff was rescheduled for October 22, but that, too, was cancelled by persons unknown. (*Id.*) Plaintiff was taken back to the hospital on October 27, but the surgeon had left for the day, and the procedure was again rescheduled for October 30, 2025, when the surgery was finally completed, albeit without the aid of a pathologist who was not present at that time. (*Id.*) This

[1] Plaintiff does not expressly identify this female "head practitioner" but alleges that Dr. Collier is "the doctor in charge of [his] medical care" and seeks to hold her responsible for the actions of other South Woods medical staff. This Court thus construes the "head practitioner" to be Dr. Collier. If this is not the case, Plaintiff is free to clarify the facts in filing any amended complaint in this matter. (*See* ECF No. 1 at 5-7.)

resulted in less than all of the cancer being removed, requiring Plaintiff to return for a second surgery on December 3, 2025, when the remaining cancerous material was removed. (*Id.* at 6-7.) Plaintiff thereafter had a follow-up visit cancelled on December 15, 2025, for unspecified reasons. (*Id.* at 7.) Although Plaintiff seeks to lay the blame for the cancellations on Defendant Dr. Collier, he does not allege that she was actually involved in any of the transportation issues or cancellations, but instead appears to assert this claim against her in light of her supervisory role over Plaintiff's medical treatment at South Woods. (*Id.*)

## II. LEGAL STANDARD

Because Plaintiff is a prisoner who seeks redress from employees of governmental entities, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it

provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

Plaintiff seeks to raise a claim against several doctors asserting violations of his Eighth Amendment right to medical care. In order to state a plausible claim for relief based on inadequate medical care under the Eighth Amendment, a plaintiff must allege facts indicating that the defendant was deliberately indifferent to his medical needs. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). Deliberate indifference is a "subjective standard of liability consistent with recklessness" which will be found only where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 582 (internal quotations omitted). Deliberate indifference therefore requires more than mere negligence. *See King v. County of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008). Where a prisoner has received at least some treatment, he may generally not show deliberate indifference by asserting only his disagreement or dissatisfaction with the treatment he received. *See Hairston v. Dir. Bureau of*

*Prisons*, 563 F. App'x 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden County*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000).

As to the first two Defendants, Drs. Haggag and Jackson, Plaintiff essentially asserts that they misdiagnosed the lump under his skin behind his ear as some manner of harmless cyst rather than cancer in late 2022. Such an allegation of misdiagnosis, however, amounts only to medical negligence, which is insufficient to state a claim for relief under the Eighth Amendment. *King*, 302 F. App'x at 96. Without further allegations clearly indicating that they should have been aware that the lump was cancerous, Plaintiff's allegations against these two Defendants fail to state a plausible claim for relief under federal civil rights law.[2]

Putting aside the merits of Plaintiff's claims against Drs. Haggag and Jackson, the Court further notes that Plaintiff's claims against these Defendants are also most likely time barred. Federal civil rights claims in New Jersey are subject to New Jersey's two year statute of limitations for personal injury actions. *See, e.g.*, *Fisher v. Hollingsworth*, 115 F.4th 197, 209-10 (3d Cir. 2024). A plaintiff's cause of action accrues, and his limitations period begins to run, when he knew or should have known of his injury. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

In his complaint, Plaintiff alleges that Drs. Haggag and Jackson were only involved in his treatment prior to October 2023, when he was transferred to South Woods State Prison. He further alleges that he was told by Dr. Collier of the need to see a dermatologist that same month. Plaintiff was shortly thereafter told that the lump was cancerous. Plaintiff was thus aware of the apparent misdiagnosis of the lump as early as October 2023, and knew or should have known his injury at that time. Plaintiff did not file his complaint until January 28, 2026, (*see* ECF No. 1-1), two years and three months later. As this Court perceives no basis for tolling from the face of Plaintiff's

[2] This is especially true of Defendant Jackson, for whom Plaintiff provides no details as to how or how often she was involved in his treatment.

complaint, Plaintiff's claims against Drs. Haggag and Jackson thus appear to be time barred and must be dismissed for that reason as well. Because Plaintiff has not yet had an opportunity to address the timeliness issue, however, his claims will only be dismissed without prejudice at this time.

Turning to the final Defendant, Dr. Collier, Plaintiff alleges only that she was "in charge" of his medical care at South Woods State Prison, and that she initially referred him for treatment for the lump upon his arrival in October 2023. He provides no further allegations of her direct actions in regard to the numerous cancellations and rescheduling of his treatment, instead alleging only that the prison failed to transport him or the "Medical Transport" team failed to timely take him to scheduled appointments. He appears to seek to hold Collier responsible for the actions of the Medical Transport team and other prison officials based on her supervisory role.

A defendant in a civil rights proceeding cannot be held liable for the failings of his subordinates, and instead must have personal involvement in the alleged wrong. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Supervisory defendants are thus generally only liable if they were directly involved in wrongful deeds, had actual knowledge of and acquiesced in the deeds of their subordinates, or they created a policy or custom which was the moving force behind the alleged wrong. *Chavarriaga*, 806 F.3d at 222; *see also Natale*, 318 F.3d at 583-84. As Plaintiff does not allege any facts showing that Collier was directly involved in the cancellations or rescheduling of his appointments, or that she had actual knowledge and acquiesced in them or created a policy that resulted in those cancellations, he fails to plead sufficient facts to show her personal involvement in the alleged wrongs. Plaintiff's claim against Collier must therefore be dismissed without prejudice at this time for failure to state a claim upon which relief may be granted. Plaintiff will

be granted leave to file an amended complaint addressing the deficiencies noted in this Opinion within thirty days.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff shall be granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 8/3/26